613 So.2d 463 (1993)
In re Inquiry Concerning a Judge re Eugene S. GARRETT, No. 92-208.
No. 80424.
Supreme Court of Florida.
February 4, 1993.
Rehearing Denied March 5, 1993.
J. Klein Wigginton, Chairman, and Roy T. Rhodes, General Counsel, Florida Judicial Qualifications Com'n, Tallahassee, and Lauri Waldman Ross, Sp. Counsel of Maland & Ross, Miami, on behalf of Florida Judicial Qualifications Com'n, for petitioner.
Eugene S. Garrett, pro se.
PER CURIAM.
The Judicial Qualifications Commission (JQC) has filed with this Court a recommendation that Eugene S. Garrett be removed from his position as district court judge for the Fourth District Court of Appeal. We have jurisdiction under article V, section 12(f) of the Florida Constitution.
In support of its recommendation, the JQC made the following findings of fact pertinent to the incident which precipitated this proceeding:
2. On May 31, 1992, Judge Garrett went to a Target Store in Delray Beach. In the electronics department, Judge Garrett stopped before a store display of VCR Plus devices, grabbed one from the display, and quickly moved to the back aisle of the store. Target plainclothes security officer David Powers noticed his action and proceeded to follow, signalling security officer Rodney Hickman to join him in the surveillance.
3. With both officers observing, Judge Garrett removed the VCR Plus device and booklet from the packaging, left them on top of a boxed lawnmower and walked away for approximately a minute. He then returned to the area, picked up both the device and booklet, and left the packaging on the boxed lawnmower. After several more minutes of browsing, Judge Garrett left the store with the VCR device concealed under the booklet in his hand and against his pants pocket. There is no evidence to even suggest that this was an act of forgetfulness or absentmindedness. To the contrary, Judge Garrett admitted that he recognized what the VCR Plus device was and did, that he wanted it, that he intended to steal it, and that he did so purposefully. His conduct reflects more than a split second impulse. Instead, his admitted conduct shows a conscious deliberate and premeditated theft.
4. Approximately ten to fifteen yards outside of the store, Judge Garrett was stopped by Rodney Hickman, who identified himself as store security and asked him for a receipt. When Hickman turned his head away for a second to use *464 his radio, Judge Garrett took off running, with both security officers in pursuit. He was physically stopped by the officers some forty yards away, placed in handcuffs, and brought back through the store to the security office.
5. Judge Garrett pleaded with the officers to give him a break and let him go, and offered to pay for the merchandise, indicating at one point that the incident would "ruin" him. Judge Garrett thereafter specifically denied making these statements to the security officers.
... .
8. Judge Garrett was eventually charged with retail theft in Case No.: XX-XXXXXX MM A04, Palm Beach County, admitted his guilt, was placed in pretrial intervention, and ordered to attend a shoplifter's awareness program. (References to transcript omitted.)
In his response to this Court's order to show cause, Judge Garrett does not deny the facts surrounding the theft. He contends that he shoplifted because he was suffering from severe depression. He argues that the JQC's recommendation is against the manifest weight of the evidence.[1]
In support of his position, he points to the testimony of Dr. George Kubski, the psychiatrist with whom he consulted after the theft occurred. Dr. Kubski testified that Judge Garrett had a history of being a workaholic and had a low sense of self esteem. He said that the judge reported that he had become more irritable and that he had some difficulty with sleeping. The judge was concerned over the scholastic difficulties of his two children and was preoccupied with the fact that May was the forty-first anniversary of his father's death. Dr. Kubski attributed the theft to poor judgment secondary to major depression. In Dr. Kubski's opinion, with two or three more months of psychotherapy and treatment with the antidepressant drug Zoloft, Judge Garrett's aberrant conduct would be very unlikely to recur. However, in its findings the Commission addressed the effect of Dr. Kubski's testimony in the following manner:
The Commission does not credit the psychiatrist's "quick fix" opinion testimony that psychotherapy and medication for such a limited period of time would prevent a recurrence of the Judge's emotional problems, which took 54 years to reach a climax. Additionally, the Commission finds that the stress Judge Garrett was under at the time of the incident was no more and probably a great deal less than the stress he will encounter during the remainder of his work life.
We cannot fault the Commission for not giving greater weight to Dr. Kubski's testimony. Judge Garrett admitted that he knew what he was doing when he stole the VCR Plus device and that he took it because he wanted it. Judge Garrett's depressed state of mind may have contributed to his conduct, but there can be no doubt that he knowingly committed petit theft. The JQC's findings are supported by clear and convincing evidence.
Judge Garrett also argues that he should not be removed from office in light of his unblemished career of public service. He asserts that his conduct at the Target Store was a one-time episode which would never be repeated. He suggests that his case is akin to In re Norris, 581 So.2d 578 (Fla. 1991). In that case, Judge Norris became despondent over personal problems with his two adult children and began drinking heavily for three days. During this time he engaged in a number of irrational acts, including driving while intoxicated, discharging a firearm inside his house, and ultimately attempting to commit suicide. Id. When these incidents came to light, he submitted himself to a substance abuse clinic and reconciled with his children. Id. at 579. His psychiatrist testified that Judge Norris was being effectively treated and that there was no evidence of his suffering from a disability which would interfere with his ability to carry out the duties *465 of his office. Id. Approving a JQC recommendation for a public reprimand, we emphasized that Judge Norris's conduct was an aberration unrelated to his work which was caused largely by an untreated disease that was now under control. Id. at 580.
While certain aspects of Judge Garrett's case are similar to those of Judge Norris's, there are also some differences. Most significant is the fact that Judge Garrett knowingly committed a crime of moral turpitude, whereas Judge Norris's honesty and integrity were never questioned. Further, the JQC, which had the benefit of hearing the testimony in the two cases, accepted the opinion of Judge Norris's psychiatrist but discounted much of the opinion of Judge Garrett's psychiatrist. In some respects, Judge Garrett's case more nearly relates to that of In re Lamotte, 341 So.2d 513, 518 (Fla. 1977), in which we approved the removal of a judge, who had an otherwise distinguished career, because he had intentionally used a state credit card for personal expenses.
We are not unmindful of Judge Garrett's meritorious service to the State of Florida both as a state attorney and as a judge. However, it is essential to our system of justice that the public have absolute confidence in the integrity of the judiciary. We believe it would be impossible for the public to repose this confidence in a judge who has knowingly stolen property from another. Thus, with a tinge of sadness but with firm conviction, we agree with the JQC when it said:
Judge Eugene Garrett, by conducting himself in the manner set out in the above Findings of Fact intentionally committed a serious and grievous wrong of a clearly unredeeming nature. He has rendered himself an object of disrespect and derision in his role as a judge to the point of ineffectiveness and has caused public confidence in the Judiciary to become eroded. Judge Garrett is guilty of violating Canons 1 and 2(a) of the Code of Judicial Conduct. The Commission finds by clear and convincing evidence that Judge Garrett's violations of these Canons demonstrates a present unfitness to hold office.
Accordingly, we direct that Eugene S. Garrett be removed as a judge of the Fourth District Court of Appeal effective upon this opinion becoming final.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] He also argues that he did not receive a fair trial and that he was denied due process. These claims have no merit and need not be discussed.