**In re: The Honorable Gary E. GRUBB, a Judicial Officer, Respondent.**

**No. 10,1999.**

Court on the Judiciary of Delaware.

Submitted: March 13, 2000.
Decided: May 11, 2000.

---

James E. Liguori, of Liguori, Morris and Redding, Dover, for Respondent.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT and BERGER, JJ., CHANDLER, Chancellor, and RIDGELY, President Judge, constituting the Court on the Judiciary.

PER CURIAM.

On December 9, 1999, the Honorable Vincent J. Poppiti, Chief Judge of the Family Court, filed a complaint in the Court on the Judiciary against Family Court Commissioner Gary E. Grubb.[1] The complaint alleged that: (1) on December 7, 1999, Commissioner Grubb was convicted of Shoplifting, a Class A misdemeanor; (2) Commissioner Grubb's conviction constituted an offense involving moral turpitude; and (3) as a result, Commissioner Grubb was subject to censure or removal by the Court on the Judiciary.

### Report of Preliminary Investigatory Panel

By Order dated December 13, 1999, this Court referred the complaint to a Panel of the Preliminary Investigatory Committee ("Panel") for consideration.[2] On January 26, 2000, the Panel filed its investigatory report dated January 21, 2000. The Panel determined that "the *alleged* conduct of Commissioner Grubb constitutes the commission 'of an offense involving moral turpitude,' as that term is used within the meaning of Article IV, Sec. 37 of the Delaware Constitution."[3] (Emphasis in original). The Panel concluded that, if the judgment of the Court of Common Pleas became final, it would be grounds for further proceedings in the Court on the Judiciary. The Court held the Panel's report in abeyance pending the disposition of a

---

1. Any judicial officer appointed by the Governor may be censured, removed or retired by the Court on the Judiciary. Del. Const., Art. IV, § 37. *See* 10 *Del. C.* § 915(a) (providing that the Governor shall appoint, with the consent of the Senate, suitable persons to act as Commissioners of the Family Court).

2. Panels of the Preliminary Investigatory Committee of the Court on the Judiciary are designated to investigate and report on any charge of misconduct. Ct. Jud. R. 3(c).

3. Article IV, Section 37 of the Delaware Constitution confers authority on the Court on the Judiciary to censure or remove a judicial officer for persistent misconduct in violation of the Canons of Judicial Ethics, as adopted by the Delaware Supreme Court. The Constitution also provides authority to discipline a judge for wilful misconduct in office, wilful failure to perform duties or the commission of an offense involving moral turpitude.

motion for new trial and/or modification of sentence that was filed by Commissioner Grubb on December 8, 1999, in the Court of Common Pleas.

### Finding of Probable Cause

By opinion dated January 28, 2000, the Court of Common Pleas denied Commissioner Grubb's motion for new trial/and or modification of sentence.[4] With the denial of that motion, the judgment of the Court of Common Pleas became final. As a result, this Court, in view of the Panel's report, determined that there was probable cause to believe that Commissioner Grubb may be subject to censure or removal under the provisions of Article IV, Sec. 37 of the Delaware Constitution. By letter dated March 3, 2000, the Clerk of this Court informed Commissioner Grubb that the Court intended, within 7 days, to appoint a Board of Examining Officers[5] to carry out the presentation of formal charges.[6]

### Respondent's Resignation

By letter to the Governor dated March 13, 2000, and before the Court determined whether to proceed with the appointment of a Board of Examining Officers, Commissioner Grubb resigned his position as Commissioner of the Family Court. By separate letter dated March 13, 2000, Commissioner Grubb, through counsel, informed the Court that he had submitted his resignation and requested, pursuant to Rule 12, that the Court allow him to "ad-

mit to the allegation in the complaint in exchange for his resignation."[7] Commissioner Grubb asked that the Court consider the resignation to be the "final resolution of the matter before the Court on the Judiciary." Commissioner Grubb waived confidentiality in how the Court wished to address the matter.

 We find that the crime of shoplifting involves moral turpitude.[8] Consequently, Commissioner Grubb's conviction of that crime subjects him to censure or removal by the Court on the Judiciary.[9] The purpose of judicial discipline, however, is not to punish but to protect the public and to maintain "the high standards of conduct required so that the integrity and independence of the judiciary may be preserved."[10] Under the circumstances, we are satisfied that taken together, the following action accomplishes the purpose of judicial discipline under the particular circumstances of this case: (i) Commissioner Grubb's acknowledgment of his conviction; (ii) his resignation from office; and (iii) the publication of this Opinion and the opening of the Court record in this case.

NOW, THEREFORE, it is ORDERED that this proceeding is DISMISSED, and that this Opinion and the Court record are released from the confidentiality provisions of the Constitution.

---

**4.** *State v. Grubb*, Del. CCP, Cr.A.No. MK99-08–0066IF, Trader, J. (Jan. 28, 2000).

**5.** Ct. Jud. R. 9.

**6.** Ct. Jud. R. 10.

**7.** Rule 12 provides that "[a]t any time after the filing of a complaint or after a matter is referred to a Panel and before final disposition, the judicial officer may agree to admit to any or all of the allegations in exchange for a stated sanction."

**8.** Moral turpitude is defined as "[c]onduct that is contrary to justice, honesty, or morali-

ty. In the area of legal ethics, offenses involving moral turpitude—such as fraud or breach of trust—traditionally make a person unfit to practice law." Black's Law Dict. 7th ed.1999, p. 1026.

**9.** Del. Const. art. IV, § 37; *see In re Garrett*, Fla.Supr., 613 So.2d 463, 465 (1993) (following arrest and pretrial intervention for shoplifting, judge removed from office on ground that "it would be impossible for the public to repose this confidence in a judge who has knowingly stolen property from another").

**10.** *In re Buckson*, Del. Jud., 610 A.2d 203, 225 (1992).